THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Case No. 1:22-cv-7160

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

     Plaintiff,

v.

TONY'S PIZZA OF POUGHKEEPSIE, INC.
d/b/a TONY'S PIZZA PIT, and MYPIZZA
TECHNOLOGIES, INC. d/b/a SLICE,

     Defendants.

_____

## **COMPLAINT**

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.

("Plaintiff") sues defendants Tony's Pizza of Poughkeepsie, Inc. d/b/a Tony's Pizza Pit ("Tony's")

and MyPizza Technologies, Inc. d/b/a Slice ("Slice") (collectively, the "Defendants"), and alleges

as follows:

## **THE PARTIES**

1.     Plaintiff is a corporation organized and existing under the laws of the State of

Florida with its principal place of business located in Broward County, Florida.

2.     Tony's is a corporation organized and existing under the laws of the State of New

York with its principal place of business located at 786 Main Street, Poughkeepsie, NY 12603.

Tony's serves as its own agent for service of process at 2 Raymond Avenue, Suite 3A,

Poughkeepsie, NY 12603.

3.     Slice is a corporation organized and existing under the laws of the State of Delaware

with its principal place of business located at 902 Broadway, New York, NY 10010. Slice's agent

for service of process is: Ilir Sela, 902 Broadway, New York, NY 10010.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§

1331 and 1338(a).

5.     This Court has personal jurisdiction over Tony's because it has maintained

sufficient minimum contacts with New York such that the exercise of personal jurisdiction over

it would not offend traditional notions of fair play and substantial justice.  This Court has personal

jurisdiction over Slice pursuant to CPLR 302(a)(1) and (a)(2) because Slice transacts business

within this state and committed a tortious act (copyright infringement) within the state.  Further,

the exercise of personal jurisdiction over Slice would not offend traditional notions of fair play

and substantial justice.

6.     Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because

Defendants or their agents reside or may be found in this district.  "A defendant 'may be found'

wherever that person is amenable to personal jurisdiction." Cavu Releasing, LLC. v. Fries, 419

F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because

the defendants are subject to personal jurisdiction in this District." Noble v. Crazetees.com, 2015

U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

## FACTS

I.     **Plaintiff's Business and History**

7.     Plaintiff is in the business of licensing high-end, professional photographs for the

food industry.

8.     Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

a monthly subscription service which provides access to/license of tens of thousands of professional images.

9.     As of the date of this pleading, Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a monthly fee of $999.00 for access to its library of professional photographs.

10.     Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

11.     Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for us of any photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II.     The Work at Issue in this Lawsuit

### A.     The First Photograph

12.     In 2007, Plaintiff created a photograph titled "WrapChickenCaesar002" (the "First Photograph"). A copy of the First Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



13.    The First Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the Photograph to Plaintiff) with the Register of Copyrights on September 1, 2019 and was assigned Registration No. VA 2-015-841. A true and correct copy of the Certification of Registration pertaining to the First Photograph is attached hereto as **Exhibit "A."**

14.    Plaintiff is the owner of the First Photograph and has remained the owner at all times material hereto.

**B.    *The Second Photograph***

15.    In 2006, Plaintiff created a photograph titled "CalzoneItalianColdCut007_ADL" (the "Second Photograph"). A copy of the Second Photograph is exhibited below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



16.     The Second Photograph was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the Photograph to Plaintiff) with the Register of Copyrights on March 3, 2017 and was assigned Registration No. VA 2-047-009. A true and correct copy of the Certification of Registration pertaining to the Second Photograph is attached hereto as **Exhibit "B."**

17.     Plaintiff is the owner of the Second Photograph and has remained the owner at all times material hereto.

18.     The First Photograph and the Second Photograph are collectively referred to herein as the "Work."

**III.     Defendants' Unlawful Activities**

19.     Tony's owns and operates a restaurant in Poughkeepsie, New York. Tony's primarily sells pizza, pasta, and sandwiches.

20.     Tony's advertises/markets its business primarily through its website (https://www.tonyspizzapitmenu.com/), online ordering platform (https://slicelife.com/restaurants/ny/poughkeepsie/12603/tony-s-pizza-pit/menu), social media

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

(e.g.,   https://www.facebook.com/TonysPizzaPit/?ref=page_internal),   and   other   forms   of advertising.

21.    Slice is an online food ordering platform for independent pizzerias. Slice allows pizzeria owners (like Tony's) to offer their products to customers using a mobile-optimized website, where customers can place orders through the Slice app and social media channels.

22.    Slice    advertises/markets    its    business    primarily    through    its    website (https://slicelife.com/), social media (e.g., https://www.facebook.com/SlicePizzaApp/), and other forms of advertising.

23.    At   all   times   relevant   hereto,   Tony's   and   Slice   maintained   a   contractual relationship whereby Slice provided the software to manage the ordering, operations, and marketing for Tony's.

24.    On a date after Plaintiff's above-referenced copyright registration of the First Photograph, Tony's and/or Slice published the First Photograph on Tony's website (at https://www.tonyspizzapitmenu.com/) as the image associated with Tony's grilled chicken Caesar wrap menu item:



25.    On April 3, 2018 (a date after Plaintiff's above-referenced copyright registration of

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

the Second Photograph), Tony's published the Second Photograph on Tony's Facebook page (at

https://www.facebook.com/TonysPizzaPit/photos/1681952881886887):



26.     True and correct copies of screenshots of Tony's website and Facebook page,

displaying the copyrighted Work, are attached hereto as **Exhibit "C."**

27.     Defendants are not and have never been licensed to use or display the Work.

Defendants never contacted Plaintiff to seek permission to use the Work in connection with

Tony's website, social media, or for any other purpose.

28.     Defendants utilized the Work for commercial use – namely, in connection with the

marketing and sale of grilled chicken Caesar wraps and stromboli at Tony's.

29.     Upon information and belief, Tony's and/or Slice located a copy of the Work on

the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for

Tony's own commercial use.

30.     Through its ongoing diligent efforts to identify unauthorized use of its photographs,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Plaintiff discovered Defendants' unauthorized use/display of the Work in January 2021. Following Plaintiff's discovery, Plaintiff (through its agents) notified Defendants in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

31.    All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Slice)

32.    Plaintiff re-alleges and incorporates paragraphs 1 through 31 as set forth above.

33.    The First Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

34.    Plaintiff owns a valid copyright in the First Photograph, having registered the First Photograph with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

35.    As a result of Plaintiff's reproduction, distribution, and public display of the First Photograph, Slice had access to the First Photograph prior to its own reproduction, distribution, and public display of the First Photograph on Tony's website.

36.    Slice reproduced, distributed, and publicly displayed the First Photograph without authorization from Plaintiff.

37.    By its actions, Slice directly infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the First Photograph for its own commercial purposes and for the commercial purposes of Tony's.

38.    Alternatively, to the extent Slice did not directly infringe Plaintiff's rights in the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

First Photograph, Slice is liable for vicarious infringement.

39.    "The Copyright Act does not specifically provide for such extended liability, instead describing only the party who actually engages in infringing conduct - the one who directly violates the prohibitions. Yet under general principles of law, vicarious liability or contributory liability may be imposed." CoStar Grp., Inc. v. LoopNet, Inc., 373 F.3d 544, 549–550 (4th Cir. 2004).

40.    "Under a theory of vicarious liability, a defendant who 'has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities' is similarly liable." Id. at 550 (quoting Gershwin Publishing Corp., 443 F.2d at 1162).

41.    As the owner of the website in question and the entity which designed/published content thereon, on behalf of its contractual relationship with Tony's, Slice has the right and ability to control Tony's infringing acts yet declined or failed to stop Tony's from engaging in its infringing activity.

42.    Slice's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Slice itself utilizes a copyright disclaimer on its website ("Copyright © 2022 Slice"), indicating that Slice understands the importance of copyright protection and intellectual property rights.  Slice clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

43.    Plaintiff has been damaged as a direct and proximate result of Slice's infringement.

44.    Plaintiff is entitled to recover its actual damages resulting from Slice's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Slice's profits from infringement of the Work,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

which amounts shall be proven at trial.

45.   Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

46.   Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Slice's conduct.

47.   Slice's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Slice as follows:

a.   A declaration that Slice has infringed Plaintiff's copyrights in the Work;

b.   A declaration that such infringement is willful;

c.   An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.   Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.   Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.   Permanently enjoining Slice, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Slice, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.   For such other relief as the Court deems just and proper.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## COUNT II – COPYRIGHT INFRINGEMENT
### (Tony's)

48.    Plaintiffs re-allege and incorporate paragraphs 1 through 31 as set forth above.

49.    Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

50.    Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

51.    As a result of Plaintiff's reproduction, distribution, and public display of the Work, Tony's had access to the Work prior to its own reproduction, distribution, and public display of the Work on its website and social media.

52.    Tony's reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

53.    By its actions, Tony's infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

54.    Alternatively, to the extent Tony's did not directly infringe Plaintiff's rights in the Work, Tony's is liable for contributory infringement.

55.    "The Copyright Act does not specifically provide for such extended liability, instead describing only the party who actually engages in infringing conduct - the one who directly violates the prohibitions. Yet under general principles of law, vicarious liability or contributory liability may be imposed." CoStar Grp., Inc., 373 F.3d at 549–550.

56.    "Under a theory of contributory infringement, 'one who, with knowledge of the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

infringing activity, induces, causes or materially contributes to the infringing conduct of another' is liable for the infringement, too." Id. at 550 (quoting Gershwin Publishing Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)).

57.     As Tony's guides and implements the marketing plans for its partner website with Slice, Tony's has the ability to influence and control the infringing acts of its clients.

58.     Thus, assuming Tony's did not directly infringe, Tony's caused or materially contributed to Slice's infringing activity.  Tony's encouraged Slice to utilize copyrighted imagery on Slice's website, all while knowing the material was copyright protected.

59.     Tony's obtained a direct financial benefit from its own and/or Slice's infringing activities.

60.     Tony's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Tony's clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

61.     Plaintiff has been damaged as a direct and proximate result of Tony's infringement.

62.      Plaintiff is entitled to recover its actual damages resulting from Tony's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Tony's profits from infringement of the Work, which amounts shall be proven at trial.

63.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

64.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Tony's conduct.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

65.    Tony's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Tony's as follows:

a.    A declaration that Tony' has infringed Plaintiff's copyrights in the Work;

b.    A declaration that such infringement is willful;

c.    An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.    Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.    Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.    Permanently enjoining Tony's, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Tony's, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.    For such other relief as the Court deems just and proper.

### **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: August 22, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza_____
        Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228